JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-03968-MWF (MARx) | **Date:** August 12, 2024 |
| **Title:** Nicholas Harris v. Elevance Health, Inc. et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Amy Diaz

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendants:  
None Present

**Proceedings (In Chambers):** ORDER RE: PLAINTIFF'S MOTION TO REMAND TO STATE COURT [15]; MOTION TO COMPEL ARBITRATION AND STAY ACTION [17]

Before the Court are two motions:

The first is Plaintiff Nicholas Harris's Motion to Remand to State Court ("MTR"), filed on June 11, 2024. (Docket No. 15). Defendants Elevance Health, Inc., Blue Cross of California ("BCC"), and Elevance Health Companies, Inc. filed an Opposition on July 1, 2024. (Docket No. 19). Plaintiff filed a Reply on July 8, 2024. (Docket No. 23).

The second is Defendants' Motion to Compel Arbitration and Stay Action ("MTC"), filed on June 24, 2024. (Docket No. 17). Plaintiff filed an Opposition on July 1, 2024. (Docket No. 20). Defendants filed a Reply on July 8, 2024. (Docket No. 22).

The Court has read and considered the motions and held a hearing on **July 22, 2024**.

For the reasons discussed below, the Court rules as follows:

- The Motion to Remand is **GRANTED**. The Court concludes that BCC is not a "sham defendant" and its presence must be considered for determining diversity. Because BCC's presence eliminates complete diversity among the parties, the Court lacks subject-matter jurisdiction over the action.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-03968-MWF (MARx)                    Date:  August 12, 2024
Title:    Nicholas Harris v. Elevance Health, Inc. et al.

- Because the Court lacks jurisdiction over the action, the Motion to Compel is **DENIED** *as moot*.

I.   **BACKGROUND**

Plaintiff commenced this action in Los Angeles County Superior Court on May 2, 2024. (Complaint (Docket No. 1-2)). Plaintiff alleges that while on medical leave Defendants, as his employers, discriminated against him for his severe neurological issues, put him on an unjustified performance improvement plan, and ultimately terminated him. (*Id.* ¶ 1).

Based on these allegations, Plaintiff alleges six claims for relief: (1) disability-based discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to prevent discrimination in violation of FEHA; (3) retaliation under the California Family Rights Act ("CFRA"); (4) leave interference under CFRA; (5) wrongful termination in violation of public policy; and (6) failure to provide personnel records in violation of California Labor Code section 1198.5.

On May 13, 2024, Defendants removed this action based on the Court's diversity jurisdiction. (Notice of Removal ("NOR") ¶ 9 (Docket No. 1)). Defendants state in the Notice of Removal that, excluding BCC, there is complete diversity of citizenship. (*Id.* ¶ 14(c)). Defendants argue that BCC should be disregarded because it is a "sham defendant;" there is no employment relationship between Plaintiff and BCC, a health care service plan under the Knox-Keene Act. (*Id.*).

Plaintiff, arguing that BCC is not a "sham defendant," seeks to remand this action back to Los Angeles Superior Court. (MTR at 1).

II.  **EVIDENTIARY OBJECTIONS**

Defendants filed evidentiary objections to Kira Brekke's and Plaintiff's declarations filed in support of the MTR Opposition. (Docket Nos. 19-1, 19-2). Plaintiff filed evidentiary objections to Lydia Thompson's and Terry German's declarations. (Docket No. 25).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-03968-MWF (MARx) | Date:  August 12, 2024 |
| Title:     Nicholas Harris v. Elevance Health, Inc. et al. | |

None of the objections are convincing as many are garden-variety evidentiary objections.  To the extent the Court relies upon evidence to which either party objects, the objections are **OVERRULED**.  To the extent the Court does not, the objections are **DENIED** *as moot*.

### III.   MOTION TO REMAND

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states.  The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).  The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]"  *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).  A removing defendant must "prove that individuals joined in the action cannot be liable on any theory."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds v. The Boeing Co.*, CV 15-2846-SVW (ASx), 2015 WL 4573009, at *2 (C.D. Cal. July 28, 2015) ("To prove fraudulent joinder, the removing defendant must show that settled law obviously precludes the liability against the nondiverse defendant.").

The Court may look to affidavits and other evidence to determine whether the joinder is a sham but must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of Plaintiff.  *Calero v. Unisys Corp.,* 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003).  There is a heavy burden on the defendant, as "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials,* 494 F.3d at 1206.  "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants the court must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 24-03968-MWF (MARx) | **Date:**  August 12, 2024 |
| **Title:**     Nicholas Harris v. Elevance Health, Inc. et al. | |

remand." *Smith v. Allstate Ins. Co.*, 2010 WL 2510117, at *3 (N.D. Cal. June 17, 2010) (quoting *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002)).

In order to establish that BCC is a "sham defendant," Defendants must show that there is "no possibility" Plaintiff can hold BCC liable as an employer. *Jana Preciutti v. Anthem Blue Cross of California*, No. CV 20-03530-JAK (PVCx), 2020 WL 7646379, at *6 (C.D. Cal. Dec. 23, 2020). "The question whether an entity functions as an employer typically involves a careful factual inquiry." *McBee v. Raytheon Techs. Inc.*, No. CV 23-07271-JAK (BFMx), 2024 WL 182282, at *4 (C.D. Cal. Jan. 16, 2024). Therefore, "district courts generally have not found the question of employer status suitable for resolution in the fraudulent joinder context." *Id*. "Where district courts have considered questions about employer status in the context of evaluating fraudulent joinder, exceptional circumstances were presented." *Id.* (citing *Maffei v. Allstate Cal. Ins.*, 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006) (defendant corporation had "never conducted any business of any kind anywhere," and amounted to "nothing more than an empty corporate shell created in anticipation of a business plan that was never carried out")).

Defendants contend that BCC cannot have employees because it is a health care service plan under the Knox-Keene Act, BCC does not meet the definition of an employer under FEHA, and theories of integrated enterprise and agency are not applicable. (MTR Opposition at 6–11).

***Employees under the Knox-Keene Act.***  Defendants rely on the declaration of Terry German to imply that being a licensed health care and service plan under the Knox-Keene Act forecloses BCC from having employees. (MTR Opposition at 7). However, the definition of a "health care service plan" under the Knox-Keene Act does not expressly state that one cannot also be an employer. *See* Cal. Health & Safety Code § 1345(f)(1).

***BCC as an employer.***  The parties agree as to the definition of employer and the applicability of the term to Plaintiff's claims for relief. (*See* MTR at 11; MTR Opposition at 6); *see also* Cal. Gov. Code § 12926 (Under FEHA an employer is "any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-03968-MWF (MARx) | Date:  August 12, 2024 |
| Title:    Nicholas Harris v. Elevance Health, Inc. et al. | |

person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly."); *McBee*, 2024 WL 182282, at *5 (In the absence of a direct employment relationship, indirect employment arrangements can be established if the employer "exercise[s] direction and control over the employee." (quoting *Jimenez v. U.S. Cont'l Mktg., Inc.*, 41 Cal. App. 5th 189, 197, 254 Cal. Rptr. 3d 66 (2019))).

Plaintiff argues that BCC is a joint employer.  (MTR at 10).  Plaintiff points to BCC's Statement of Information to argue that BCC has employees.  (MTR at 7; *see also* Declaration of Kira Brekke ("Brekke Decl."), Exhibit A (Docket No. 15-2)).  Plaintiff claims that he "entered into a contract with [BCC,] which dictated his employment and informed his day-to-day operations, including appointing him the federal government population he served and even dictating the geographic locations he physically serviced."  (Complaint ¶ 8).  Plaintiff also alleges that BCC "directly paid" him annual commissions based on the insurance plans he sold.  (*Id*.).

Defendants exclusively rely on the declarations of German and Lydia Thompson to argue that BCC lacks control over Elevance Health, Inc. and its employees.  (MTR Opposition at 7–8).  However, "generic statements" in declarations as to the lack of control by BCC "do not meet the substantial burden required in the fraudulent joinder context.  A declaration that offers 'generalities about . . . observance of corporate separateness and the like' is not enough to meet Defendants' burden."  *Jana Preciutti v. Anthem Blue Cross of California*, No. CV 20-03530-JAK (PVCx), 2020 WL 7646379, at *7 (C.D. Cal. Dec. 23, 2020); *Cf. McBee*, 2024 WL 182282, at *4 ("when a defendant presents some evidence that weighs against allegations of employer status, district courts have not concluded that the burden of showing fraudulent joinder has been met.").  Notably, the declarations omit whether Plaintiff preformed any work on behalf of BCC and whether BCC provided Plaintiff any benefits such as an expense budget.  (*See* MTR Opposition at 2 (An administrative service agreement, permits BCC to use "Elevance Health, Inc. employees to perform its day-to-day administrative functions.")).  "As a result, the evidence provided by Defendants as to [BCC's] failure to hire and pay its own employees does not preclude its liability as an employer for certain of Plaintiff's claims because [BCC], acting through its corporate officers, may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 24-03968-MWF (MARx) | **Date:**  August 12, 2024 |
| **Title:**     Nicholas Harris v. Elevance Health, Inc. et al. | |

still have been able to exercise indirect direction and control over Plaintiff." *McBee*, 2024 WL 182282, at *5.

At the hearing, Defendants argued that *Harwood v. Option Care Enterprises, Inc.*, No. CV 19-1239-MWF (ASX), 2019 WL 1952692 (C.D. Cal. May 2, 2019) is analogous to the situation here. *Harwood* represents one of the exceptional circumstances where district courts have considered questions about employer status in the context of evaluating fraudulent joinder. *Harwood* is distinguishable because the plaintiff did not challenge any of the assertions that the alleged sham defendant was (1) a shell corporation with no employees, and (2) did not control the means and manner of the plaintiff's employment. *Harwood*, 2019 WL 1952692, at *8.

Defendants' argument that there is no evidence to establish that an employment relationship existed between Plaintiff and BCC demonstrates that "Defendants seem to misunderstand the burden they face in establishing fraudulent joinder and the nature of the Court's present inquiry." *Waterman v. Wells Fargo & Co.*, No. CV 17-7190-MWF (JEMx), 2018 WL 287171, at *7 (C.D. Cal. Jan. 4, 2018); (*See* MTR Opposition at 12). Defendants must show that it is impossible for Plaintiff to state a claim against BCC under their employment theories.

Moreover, Defendants have failed to demonstrate that any deficiencies in the Complaint cannot be cured by amendment. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (instructing courts to consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend"). One way of viewing the dauntingly high burden on Defendants is to ask whether, in superior court, it is obvious that a demurrer would have been sustained without leave to amend. To ask the question is to answer it.

Accordingly, the MTR is **GRANTED** and this action is **REMANDED** to Los Angeles Superior Court.

The MTC is therefore **DENIED** *as moot*.

IT IS SO ORDERED.